## Graeff Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Broderick, Schubert & Fitzpatrick,* for exceptant.

*Raspin, Espenshade, Heins, Erskine & Stewart,* contra.

## ADJUDICATION

BURKE, J., January 13, 1966.—This trust arose under the will of Emilie Graeff, who died on March 4, 1920, and the several codicils thereto.

In item 2 of her will, testatrix gave the residue of her estate in trust to divide the net income into three equal shares, and gave one share thereof to her adopted daughter, Emilie F. Pierce, another thereof to her daughter, Frances H. Ziegler, and the remaining one-third share thereof to her daughter, Josephine C. Mevay, for their respective lives. In item 3 of her will, testatrix provided, upon the death of any of her named daughters, that such share of income shall be paid to the children of such daughter (born in testatrix' lifetime) for their respective lives. In item 6 of her will, testatrix provided, upon the death of any of her grandchildren, that the principal from which such child had received the income be distributed to such persons as he or she by will shall appoint and in default of appointment to his or her issue, per stirpes. A copy of the will is attached hereto.

By codicil dated October 2, 1909, testatrix provided, upon the death of her adopted daughter Emilie, that the income of such share shall be paid in equal shares to Emilie's children, Emily and Lillie, for their respective lives, and upon the death of either child, that the principal from which such child had received the income "shall be added to the shares of my [testatrix'] own children [Frances and Josephine]. . ."

Thereafter, by codicil dated October 22, 1915, testatrix provided:

"Whereas under my said will I made provision for my daughter, Josephine C. Mevay, for the term of her

life, with remainders over as therein stated, I do now revoke the said provision and in lieu and stead thereof provide that the share of my estate given to my said daughter shall pass to her absolutely and in fee simple. In other respects I hereby ratify and confirm my said Will".

And later, by codicil dated September 11, 1916, testatrix further provided:

"Whereas, under my said will I have made provision for my daughter Frances H. Ziegler, for the term of her life, with remainder over as therein stated, I do now revoke the said provision, and in lieu and stead thereof provide that the share of my estate given to my said daughter shall pass to her absolutely and in fee simple. In all other respects I hereby ratify and confirm my said will dated January 29, 1903 and codicils thereto dated October 2, 1909, January 28, 1915 and October 22, 1915".

Emily and Lillie, the children of Emilie F. Pierce, testatrix' adopted daughter, survived their mother. Lily Dale Tyndall thereafter died on June 4, 1954, and one half of the Pierce trust was distributed by reason of her death.

The accounting is of the other one half awarded to the accountant in trust for Emily Craige Steinmetz, by adjudication of Shoyer, J., dated November 22, 1954, and was filed by reason of her death on January 25, 1965.

Testatrix' daughter Frances was survived by three children, Mabel Hutton MacFarland, Josephine Z. Ostrander and Paul W. Ziegler. Testatrix' other daughter, Josephine C. Mevay, was survived by one child, Francis Mevay.

Mabel Hutton MacFarland claims that the balance of principal in the Pierce trust should be awarded in equal shares to the Mevay and Ziegler trusts created by the will for testatrix' daughters Frances and

Josephine. As one of the children of Frances H. Ziegler, she would be an income beneficiary of the Ziegler trust with power of appointment. Her right is disputed by the executrix of the Ziegler estate, who contends that the Mevay and Ziegler trusts were revoked respectively by the codicils dated October 22, 1915, and September 11, 1916.

When the Pierce trust partially terminated in 1954 upon the death of Lillie Dale Tyndall, the trustee raised the same question of distribution at the audit of the account filed at that time, and Judge Shoyer concluded that the remainder interest in the Pierce trust was vested absolutely in testatrix' daughters Frances and Josephine. He accordingly awarded the fund then distributable to the personal representatives of their respective estates.

While the ruling in Judge Shoyer's prior adjudication of October 4, 1954, is not binding in determining the persons entitled to distribution of the present fund (Brown Estate, 408 Pa. 214), nevertheless, I have come to the same conclusion that he reached with respect to the earlier distribution.

It is well settled that a will and codicil must be construed as one instrument: Holt Estate, 405 Pa. 244. Testatrix' intention, therefore, must be ascertained from the language of the will and the several codicils thereto.

Under the will, testatrix created trusts of residuary shares for the benefit of her daughters Josephine and Frances, and provided, upon the death of either of her daughters, that the income of such share shall be paid to the children of such daughter, and upon the death of any such child, testatrix further provided that the principal from which such child had received the income shall be distributed to such persons as such child by will shall appoint.

Having recited the provisions of her will with respect

to each of the trusts created for her daughters Josephine and Frances, testatrix expressly revoked the provisions made for these daughters and the "remainders over" by separate codicils dated October 22, 1915, and September 11, 1916, and "in lieu and stead thereof", she gave such shares of residue to her daughters, Josephine and Frances, "absolutely and in fee simple". Consequently, the Ziegler trust, in which Mabel Hutton MacFarland had a beneficial interest, never arose. The trust for her mother, Frances, was not only revoked by language clear and unmistakable, but the same share of residue given in trust was given to Frances absolutely. When the Ziegler and Mevay trusts were revoked, the remainder interest in the Pierce trust was undisposed of, but when testatrix gave the residuary shares to Frances and Josephine absolutely, she likewise gave them the Pierce trust remainder absolutely. Such was the effect of her express direction in the 1909 codicil, that the Pierce trust remainder be added to the shares of Josephine and Frances. Clearly, there are no trust shares for Josephine and Frances to which the remainder could be added. The same result would follow under the statute, in the absence of an effectual testamentary disposition of the Pierce remainder. Where a legacy which shall be revoked is contained in the residuary clause of the will, it shall pass to and be divided among the other residuary legatees in proportion to their respective interests in such residue: Section 15 (c) of Wills Act of June 7, 1917, P. L. 403, 20 PS §253.

Instead of construing the will and the codicils as one instrument, as the law requires, Mabel Hutton MacFarland would give full effect to the codicil of October 2, 1909, which deprived the Pierce children of their powers of appointment, but would ignore the later codicils of October 22, 1915, and September 11, 1916, which revoked the Mevay and Ziegler trusts. To sustain her

position, the court would be required to reestablish trusts which testatrix expressly revoked. The function of the court is to construe the will, not rewrite it. As I construe the will, she gave the remainder interest in the Pierce trust to her daughters Josephine and Frances absolutely and so intended. I so decide. . . .

And now, January 13, 1966, the account is confirmed. nisi.

### OPINION SUR EXCEPTIONS

LEFEVER, J. May 6, 1966.—Mabel Hutton MacFarland, daughter of Frances Henry Ziegler, deceased, filed exceptions to the auditing judge's award of the principal of the trust in question, one half to her mother's personal representative, and the other half to the personal representative of Josephine C. Mevay, deceased. She contends that the trust for Emilie F. Pierce should continue, the net income to be paid to herself and the other children of Frances and Josephine for life, with power in such children to appoint the principal upon their deaths.[1]

We have carefully examined decedent's will and four codicils. The will created three trusts, each consisting of one third of decedent's residuary estate, for her daughter Josephine, her daughter Frances, and her

---

[1] Frances was survived by two sons and two daughters, as appears in Judge Shoyer's adjudication of October 4, 1954. However, one of the sons died before the filing of the present account; hence, the reference to three children in Judge Burke's adjudication. Apparently, exceptant and her two brothers receive nothing under Frances' will, exceptant's sister, Josephine Z. Ostrander, being designated the sole residuary legatee. Accordingly, they receive no part of this trust under the challenged adjudication. This explains the filing of the exceptions. However, no other child of Frances or Josephine has filed exceptions. Moreover, no exceptions were filed to Judge Shoyer's said adjudication, which made like distribution of the first half of the trust principal from which Lillie Dale Tyndall, the other daughter of Emilie F. Pierce, was receiving income until her death.

adopted daughter Emilie, respectively, with provision for subsequent life estates in the children of each. The 1909 codicil changed the terms of the trust for Emilie by providing that upon the death of the survivor of her and her daughters Emily and Lillie, the remainder interest in that trust would revert to Josephine and Frances and their issue. The 1915 and 1916 codicils respectively modified the will by revoking the trusts for Josephine and Frances, and providing that "the share of my estate given to my said daughter shall pass to her absolutely and in fee simple". The reference in these codicils "to my will" must be interpreted as meaning the original provisions in her will, *as modified by the 1909 codicil.* It follows that the "share of my estate", to which Frances and Josephine became entitled, is not only the one third originally given in trust, but also the remainder interests in the trust for Emilie F. Pierce and her two daughters.

There is nothing in the will and codicils to indicate that testatrix intended to treat the remainder interest in Emilie's trust, to which Josephine and Frances became entitled, any differently from their respective shares in her estate which passed free and clear of any trust. Put differently, there is nothing to indicate that testatrix intended part of her estate to go to Josephine and Frances outright and part in trust.

It is unfortunate for exceptant that Frances, in her will, saw fit to cut out exceptant and her brothers. However, that was her prerogative. Under decedent's will and codicils, Frances is entitled to the remainder interest absolutely. Since she predeceased her niece Emily, her personal representative is now entitled thereto. That remainder interest became vested on the death of decedent, although the time of possession was postponed until the death of the survivor of Emilie and her two daughters.

There is no need to repeat what has been so well

said by Judge Burke, the auditing judge in this estate, and by Judge Shoyer, who came to a similar conclusion in his adjudication of October 4, 1954.

For the reasons stated therein and herein, the exceptions are dismissed and the adjudication is confirmed absolutely.